[No. 1,073.]

# S. SEVER ET AL., RESPONDENTS, *v.* E. GREGOVICH, APPELLANT.

MINING GROUND—DISCOVERY INTEREST—WHEN ONE PARTY IS ESTOPPED FROM DENYING THE INTEREST OF OTHERS.—G. joined with S. in claiming a discovery interest in a mining location, and afterwards recognized his claim to the mining ground, including the discovery interest, as being valid, and accepted from S., and his grantees, their proportionate share of the money expended for work and labor upon the entire claim. G. subsequently relocated the entire claim in his own name, claiming that the original location was void, because the locators were not the discoverers of the lode, and because S. was at the time of the location an alien. ` S. became a citizen before the relocation of the claim: *Held*, that G. was estopped by his conduct and acts from denying the rights claimed by S. and his grantees as owners in the claim.

APPEAL from the District Court of the Third Judicial District, Esmeralda County.

The facts are stated in the opinion.

*W. H. Tompkins* and *A. C. Ellis*, for Appellant:

I. Sever and Gregovich were limited to two hundred feet each, for the reason that the discoverers of the Victor mine were the original discoverers of the lode on which the mine in controversy was located, and had availed themselves of the two hundred feet to which they were entitled on account of their discovery. The evidence offered was therefore material and relevant, and the court erred in rejecting it. He could not make a valid location of this mine. (Rev. Stat. U. S., secs. 2319, 2321; *Golden Fleece G. & S. M. Co.* v. *Cable Con. G. & S. M. Co.*, 12 Nev. 312; *Chapman* v. *Toy Long*, 4 Saw. 35.)

II. Sever could take nothing by a retransfer of part of the interest transferred by him to Evanovich, for the simple reason there was nothing to transfer or retransfer. (Sickels' Mining L. and D. 88, 96.)

III. The location of the mine by Sever being void, it was subject to relocation by any citizen of the United States.

*P. Reddy* and *T. H. Wells*, for Respondents:

Gregovich is estopped from denying the title of respondents. (3 Phil. on Ev. 367; 1 Greenl. on Ev. 22, 207; 1 Copp's Land Owner, 98.)

By the Court, HAWLEY, J.:

This is an action to recover the possession of an undivided one half interest in a mining claim. Plaintiffs obtained judgment and defendant appeals.

The facts are, that on the first of August, 1867, S. Sever and E. Gregovich located the mining ground in controversy, viz., six hundred feet in length of the George Washington lode, two hundred feet thereof being for a discovery claim; that on the fifteenth of February, 1873, Sever conveyed his interest therein, by deed, to B. Evanovich; that on the nineteenth of May, 1874, Evanovich conveyed the same interest to the plaintiffs; that on the twenty-fourth day of September, 1872, Evanovich declared his intention to become a citizen of the United States, and received his naturalization papers on the eighth of September, 1873; that on the sixth of June, 1876, Sever declared his intention of becoming a citizen, and afterwards, and before the relocation of the premises by the defendant Gregovich, he was duly naturalized, and became a citizen of the United States; that on the eighteenth of February, 1880, the defendant Gregovich relocated the mining ground in controversy in his own name, without the consent of plaintiffs, or either of them; that during all the time from the first location of the claim by Sever and Gregovich until the relocation of the premises, as above stated, the work and labor as required by the statutes of the United States, and the laws of Columbus mining district, where said claim is located, were performed by said parties, and that during all of said time said Evanovich, or said plaintiffs, with the consent and assistance of said defendant, and jointly with him, had the said work and labor performed, and that during said time the said Sever and Chiatovich have paid to the said Gregovich various sums of money for his doing their proportionate part of said work and labor.

Upon the trial, the defendant offered to prove that the Victor mining claim was discovered and located for several years prior to the first of August, 1867, and was upon the same lode as the George Washington claim. The object and purpose of this evidence was to show that the locators of the George Washington claim were not the discoverers of the lode.

Appellant, Gregovich, claims that the court erred in refusing to admit this testimony, and that Sever, being an alien at the time of the first location of the claim, had no right to hold or claim an interest therein, and for these reasons the relocation of the claim by himself was valid, and the respondents have no valid interest or claim to any portion of said mining ground. We are, however, of the opinion that the judgment of the district court is correct.

Appellant is not in a position to take advantage of the defects, if any exist, in plaintiff's title to the ground in dispute. He joined with Sever in claiming two hundred feet of the ground as a discovery claim, and afterwards recognized the claims of Sever, Evanovich, and Chiatovich to the mining ground, including the discovery claim of two hundred feet, as being valid. He accepted from them their proportionate share of the money expended for work and labor done upon the entire claim, and for these reasons he was and is estopped, by his conduct and acts, from denying the rights claimed by Sever and Chiatovich as owners therein. (1 Greenl. on Ev., secs. 207, 208; Herman on Estoppel, sec. 336; *Lessee of Merritt* v. *Horne*, 5 Ohio St. 318.)

The judgment of the district court is affirmed.